UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH JORDAN,

    Plaintiff,

  v.                                      Case No. 08-C-1092

MICHAEL COCKROFT, JAMES DOYLE,
KAREN PAULSEN, KELLY QUARLES,
PATRICIA GUIBORD, MARK HEISE,
GERALD KONITZER, ALFONZO GRAHAM,
DAVID WHITE, STEVE LAUTERMAN,
and ANGELA ALT,

    Defendants,

## ORDER

Plaintiff, Kenneth Jordan, who is incarcerated at Oakhill Correctional Institution, has lodged a pro se complaint alleging violations of his constitutional rights. Before me now are two motions plaintiff has filed.

First, plaintiff has filed a motion for an order directing the payment of filing fees and costs from the plaintiff's inmate release account. Pursuant to the Prison Litigation Reform Act (PLRA), plaintiff is required to pay the full amount of the statutory filing fee, $350.00, for this action. See 28 U.S.C. § 1915(b)(1). The PLRA requires courts to collect filing fees from "prisoner's accounts." 28 U.S.C. § 1915(b). The term "prisoner's account" encompasses both a prisoner's release account and general account. Spence v. McCaughtry, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). However, "given the purpose of the release account to provide funds to the prisoner upon his or her release from incarceration, the court does not deem it prudent to routinely focus on the release account as the initial source of funds to

satisfy the filing fee payment requirements of the PLRA." Smith v. Huibregtse, 151 F. Supp. 2d 1040 (E.D. Wis. 2001). The fact that plaintiff wants to pay his filing fee out of his release account suggests that he does not have the $350.00 filing fee readily available. As such, I will construe this motion as a request for leave to proceed without prepayment of fees and/or costs.

Under the PLRA, I must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." Id.

In this case, however, plaintiff has not filed a formal petition and affidavit to proceed without prepayment of fees and/or costs or certified copy of his prison trust account statement. Therefore, the court is unable to calculate his initial partial filing fee. I will direct the plaintiff to file, on or before **February 4, 2009**, a petition and affidavit to proceed without prepayment of fees and/or costs, as well as a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. After plaintiff files his petition and affidavit to proceed without prepayment of fees and/or costs and trust account statement, I will assess an initial partial filing fee.

Enclosed with this order is a copy of form petition and affidavit to proceed without prepayment of fees and/or costs (with instructions). Failure to submit the petition and

2

Case 2:08-cv-01092-JPS    Filed 01/09/09    Page 2 of 4    Document 8

affidavit to proceed without prepayment of fees and/or costs or trust account statement on or before **February 4, 2009** will result in the dismissal of this action. See Newlin v. Helman, 123 F.3d 429, 434-35 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

Second, plaintiff has filed a motion to appoint counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir.2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir.1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir.1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Plaintiff has submitted five letters he received from attorneys declining to represent him regarding this claim, which satisfies the threshold requirement.

Once the threshold burden has been met, I must consider the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993)). Plaintiff's complaint has not yet been screened; the presence of counsel will not impact the screening of the complaint plaintiff has filed. It would be premature for me to appoint counsel at this stage in the litigation. As a result, plaintiff's motion will be denied without prejudice.

3

Case 2:08-cv-01092-JPS   Filed 01/09/09   Page 3 of 4   Document 8

**IT IS THEREFORE ORDERED** that plaintiff's motion for order directing payment of filing fee and costs from inmate release account (Docket # 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall, on or before **February 4, 2009**, submit a petition for leave to proceed in forma pauperis and a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Failure to submit the petition for leave to proceed in forma pauperis and trust account statement on or before **February, 2009** will result in the dismissal of this action

**IT IS ALSO ORDERED** that plaintiff's motion to appoint counsel (Docket # 2) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 8 day of January, 2009.

/s_____
LYNN ADELMAN
District Judge