UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH JORDAN,
      Plaintiff,

v.                                                 Case No. 08-C-1092

MICHAEL COCKROFT, JAMES DOYLE,
KAREN PAULSEN, KELLY QUARLES,
PATRICIA GUIBORD, MARK HEISE,
GERALD KONITZER, ALFONZO GRAHAM,
DAVID WHITE, STEVE LAUTERMAN,
and ANGELA ALT,
      Defendants.

## DECISION AND ORDER

Plaintiff, Kenneth Jordan, who is incarcerated at Oakhill Correctional Institution, has lodged a pro se complaint alleging violations of his constitutional rights. With his complaint, plaintiff filed a motion for an order for filing fees to be deducted from his trust account and a motion for appointment of counsel. In an order dated January 9, 2009, I denied plaintiff's motions and directed plaintiff to file a petition and affidavit to proceed without prepayment of fees and/or costs, as well as a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Plaintiff has filed a motion for reconsideration and two motions for leave to proceed in forma pauperis, which are before me now.

At first blush, it may seem contradictory that plaintiff has asked both for leave to proceed in forma pauperis and for me to reconsider his motion to pay the full filing fee out of his work release account. However, I recognize that plaintiff filed his motions for leave to proceed in forma pauperis to comply with my order. I believe that plaintiff's primary desire

is to have the full filing fee deducted from his work release account. As such, I will consider plaintiff's motion for reconsideration first.

Plaintiff asks me to reconsider his motion to pay the full filing out of his work release account. Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir. 1987); Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (providing nearly identical standard for motion under Rule 59(e)).

The PLRA requires courts to collect filing fees from "prisoner's accounts." 28 U.S.C. § 1915(b). The business office of the institution where an inmate is incarcerated sends the court a "Trust Account Activity Statement," showing account activity for the past six months. That statement reflects both the inmate's regular and release accounts. "Trust account" is an umbrella term used by the institutions that means both accounts. The court uses this statement in making the determination regarding in forma pauperis status.

In Doty v. Doyle, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002), I stated:

> the courts have found that when a prisoner's general fund has insufficient funds to pay filing fees, both the . . . Wisconsin PLRA . . . and the . . . federal PLRA . . . authorize the courts to order that the money in a prisoner's release be made available for that purpose. Spence v. Cooke, 222 Wis. 2d 530, 537 (Ct.

2

App. 1998); <u>Spence v. McCaughtry</u>, 46 F. Supp. 2d 861 (E.D. Wis. 1999). (All the same, in deference to the Wisconsin public policy behind release accounts, judges of this district do not routinely look to prisoners' release accounts when they assess initial partial filing fees under the federal PLRA, <u>Smith v. Huibregtse</u>, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001), although they will do so upon request from the prisoner, as in <u>Spence v. McCaughtry</u>.)

When I considered plaintiff's earlier motion for order, I deemed it necessary to evaluate plaintiff's trust account statement before ordering that the full filing fee be deducted from plaintiff's work release account. The plaintiff has now provided that information, and I have had the opportunity to consider plaintiff's trust account statement. The statement indicates that plaintiff has ample funds to pay the full filing fee. Therefore, I will grant his motion for reconsideration and order that the full filing fee be deducted from plaintiff's account.

As a result of this order granting plaintiff's motion for reconsideration, I will deny as moot plaintiff's motions for leave to proceed <u>in forma pauperis</u>.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket # 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that, upon plaintiff's request, the warden at the correctional institution where plaintiff is incarcerated shall withdraw $350.00 from plaintiff's release account and forward that sum to the Clerk of this Court as plaintiff's filing fee in this action. Such payment is to be made within 21 days of the date of this order. Upon payment of the filing fee, I will screen plaintiff's complaint.

**IT IS FURTHER ORDERED** that plaintiff's motions for leave to proceed <u>in forma pauperis</u> (Docket #9 and #11) are **DENIED AS MOOT**.

3

**IT IS ALSO ORDERED** that copies of this order be sent to the warden at Oakhill Correctional Institution and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 5 day of February, 2009.

/s_____
LYNN ADELMAN
District Judge