UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH JORDAN
          Plaintiff,

v.                            Case No. 08-C-1092

MICHAEL COCKROFT,
JAMES DOYLE,
KAREN PAULSEN,
KELLY QUARLES,
PATRICIA GUIBORD,
MARK HEISE,
GERALD KONITZER,
ALFONZO GRAHAM,
DAVID WHITE,
STEVE LANDREMAN, and
ANGELA ALT
          Defendant.

## DECISION AND ORDER

Plaintiff, Kenneth Jordan, who is incarcerated at Oakhill Correctional Institution, has lodged a pro se complaint alleging violations of his constitutional rights. In a decision and order dated July 8, 2009, I directed plaintiff to file an amended pleading on or before August 5, 2009, setting forth all of his claims against all defendants, which I subsequently extended to September 1, 2009. Before me now are plaintiff's motions to compel transfer of funds and for extension of time.

I deny the motion to compel. I previously granted his request to order money withdrawn from his release account to pay a portion of the initial filing fees for this case under 28 U.S.C. § 1915(b)(1). Plaintiff now requests a transfer of $300 from his work release account to his general account because he has insufficient funds to mail his

amended complaint. The Prisoner Litigation Reform Act does not permit such a transfer of funds. It merely requires that courts collect filing fees from prisoners' accounts, irrespective of whether they are granted leave to proceed in forma pauperis. See 28 U.S.C.1915(b); Thurman v. Gramley, 97 F.3d 185, 187 (7th Cir.1996). Nor does State ex rel. Akbar v. Kronzer, which allowed payment from release account funds for appellate transcript fees. 2004 WI App 108, 273 Wis.2d 749, 681 N.W.2d 280.

Wisconsin is under no constitutional obligation to provide plaintiff with any assistance in pursuing his civil litigation. Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir.2003). There is "no constitutional entitlement to subsidy" to prosecute civil lawsuits. Lewis v. Sullivan, 279 F.3d 526, 528 (7th Cir.2002). A right to petition for redress of grievances does not imply a right to free writing paper and stamps. Johnson v. Daley, 339 F.3d 582, 586 (7th Cir.2003).

Under state law, prisons may grant legal loans for the purpose of corresponding with courts.[1] Plaintiff states that his request for a legal loan was denied because he spent $300

---

[1] Wisconsin Administrative Code § DOC 309.51(1) governs the disbursement and repayment of legal loans made to prisoners and provides that:

Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, except as limited in this subsection. Inmates without sufficient funds in their general account to pay for paper, photocopy work, or postage may receive a loan from the institution where they reside. No inmate may receive more than $200 annually under this subsection, except that any amount of the debt the inmate repays during the year may be advanced to the inmate again without counting against the $200 loan limit. The $200 loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents. The institution shall charge any amount advanced under this subsection to the inmate's general account for future repayment. An inmate may be permitted to retain in the inmate's general account an amount of money specified, in writing, by the bureau of adult institutions that is not subject to repayment of the loan.

2

from his general account since January on canteen items (the ability to spend general funds in this manner is precisely the reason why release account funds are not directly transferred to the general account). Without knowing more, it would be premature to grant injunctive relief. Perhaps plaintiff has already received beyond the $200 yearly limit. Perhaps plaintiff will have enough funds to proceed without a loan. This is unknown at this point.

I will however grant plaintiff's request for an extension of time to file an amended complaint. There will be no more extensions. The current motions demonstrate plaintiff's ability to correspond with the court. Plaintiff would be advised to use the inmate complaint review process to review future denials of legal loans.

Therefore,

**IT IS ORDERED** that plaintiff's motion to compel transfer of funds (Docket #19) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket #21) is **GRANTED**.

**IT IS ALSO ORDERED** that this case will be dismissed with prejudice unless on or before **Tuesday, October 5, 2009**, plaintiff files an amended pleading setting forth all of his claims against all defendants.

Dated at Milwaukee, Wisconsin this 4 day of September, 2009.

/s_____
LYNN ADELMAN
District Judge

3